UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN RAMON NAVARRO,<br><br>        Petitioner,<br><br>v.<br><br>JEFF MACOMBER, Secretary,[1]<br><br>        Respondent. | Case No. 3:22-cv-01093-JO-DEB<br><br>**ORDER:**<br><br>**(1) DENYING PETITION FOR WRIT OF HABEAS CORPUS; and**<br><br>**(2) GRANTING CERTIFICATE OF APPEALABILITY** |

## I. INTRODUCTION

Juan Ramon Navarro ("Petitioner" or "Navarro"), proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. A state prisoner, Navarro challenges a disciplinary hearing decision finding him guilty of conspiring to introduce a controlled substance into a correctional facility. Pet., ECF No. 1. For the reasons discussed below, the Court **DENIES** the Petition and **DISMISSES** the case with prejudice. The Court also **GRANTS** a Certificate of Appealability.

---

[1] The Court notes Jeff Macomber is now the Secretary of the California Department of Corrections and Rehabilitation. *See* https://www.cdcr.ca.gov/about-cdcr/secretary/. The Court therefore *sua sponte* substitutes Jeff Macomber, Secretary in place of Kathleen Allison, Secretary. *See* Fed. R. Civ. P. 25(d).

## II.  FACTUAL BACKGROUND

The state appellate court recited the facts of the case as follows[2] :

> While Juan Ramon Navarro was in prison in Imperial County, an employee of the prison who was processing incoming mail became suspicious when she observed an unidentified object on the flaps that sealed an envelope addressed to Navarro. The employee contacted a correctional officer to investigate. Upon examination of the envelope, the correctional officer found five bindles of a yellow wax-like substance hidden along the flaps that sealed the envelope at both ends. The correctional officer photographed the bindles and tested them with a narcotics identification kit. Each tested presumptively positive for tetrahydrocannabinol (THC), the active ingredient of marijuana. Subsequent testing by the Bureau of Forensic Services of the Department of Justice confirmed the substance was THC.
>
> Navarro was issued a rules violation report for conspiracy to introduce a controlled substance in prison. [footnote omitted]. At the disciplinary hearing, Navarro pled not guilty and stated, "I had nothing to do with it." Based on the correctional officer's written report and photographs and the test results of the Bureau of Forensic Services, the disciplinary hearing officer found Navarro guilty and assessed a 180-day credit forfeiture. (Cal. Code Regs., tit. 15, § 3323, subd. (c)(6) [distribution of controlled substance in prison is subject to credit forfeiture of 151–180 days].)

Lodgment No. 5, ECF No. 12-5 at 1–2.

## III.  PROCEDURAL BACKGROUND

Following his conviction at the disciplinary hearing, Navarro filed two administrative grievances arguing there was insufficient evidence to support this decision. Pet'r's Ex. B, ECF No. 1-3.  Both were denied. Pet'r's Ex. C, ECF No. 1-4.  Navarro then filed a petition for writ of *habeas corpus* in Imperial County Superior Court and the California Court of Appeal arguing there was insufficient evidence that he engaged in a

---

[2] The Court gives deference to state court findings of fact and presumes them to be correct. Petitioner may rebut the presumption of correctness, but only by clear and convincing evidence.  *See* 28 U.S.C. § 2254(e)(1); *see also Parle v. Fraley*, 506 U.S. 20, 35–36 (1992) (holding findings of historical fact, including inferences properly drawn from these facts, are entitled to statutory presumption of correctness).

conspiracy. Lodgment Nos. 2, 4, ECF Nos. 12-2, 12-4. Both Courts denied the petition in written opinions. Lodgment Nos. 3, 5, ECF No. 12-3, 12-5. His Petition to the California Supreme Court was summarily denied. Lodgment Nos. 6–7, ECF Nos. 12-6–12-7. The California Court of Appeal—the court that authored the last reasoned opinion on his habeas petition—concluded as follows:

> Navarro has not established a due process violation warranting habeas corpus relief. "Prisoners are entitled to minimal due process safeguards in disciplinary matters involving the possible loss of early release credits." (*In re Rigsby* (2019) 38 Cal.App.5th 1011, 1016.) "[T]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits." (*Superintendent v. Hill* (1985) 472 U.S. 445, 455, italics added.) This standard is met "if there is any evidence in the record that could support the conclusion reached by the disciplinary board." (*Hill*, at 455-456; accord, *In re Zepeda* (2006) 141 Cal.App.4th 1493, 1498.) Based on the written report of the correctional officer that five bindles of a substance later identified by the Bureau of Forensics as THC were found secreted inside an envelope addressed to Navarro and the photographs taken by the correctional officer, the disciplinary hearing officer could conclude Navarro agreed with the sender to introduce the THC into the prison for distribution therein. Navarro's contention he knew nothing about what was in the envelope or who sent it "does not change the analysis under *Hill*. *Hill* emphasizes that the reviewing court is not to engage in an 'examination of the entire record' or 'weighing of the [conflicting] evidence.' [Citation.] Rather the narrow role assigned to the reviewing court is solely to determine whether there is 'any evidence in the record that could support the conclusion reached by the disciplinary board.' [Citation.] Here, there is such evidence, even if, as Navarro contends, there is other evidence that supports his assertion of innocence." (*In re Zepeda*, *supra*, at p. 1500.)

Lodgment No. 5, ECF No. 12-5 at 3–4.

On July 22, 2022, Navarro filed the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and exhibits in this case. Pet., ECF No. 1; Pet'r's Exs., ECF Nos. 1-2–1-7. Respondent filed an Answer, Memorandum of Points and Authorities in Support of the Answer, and Lodgments on December 21, 2022. ECF Nos. 11–12. Navarro filed a Traverse on February 12, 2023. ECF No. 15.

/ / /

# IV.  ANALYSIS

## A.  Legal Standard

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs all 28 U.S.C. § 2254 *habeas corpus* petitions filed after April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 326 (1997).  Under AEDPA, a habeas petition will not be granted with respect to any claim adjudicated on the merits by the state court unless that adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding.  28 U.S.C. § 2254(d); *Early v. Packer*, 537 U.S. 3, 7–8 (2002).  Clearly established federal law, for purposes of § 2254(d), means "the governing principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 72–73 (2003).

A federal habeas court may grant relief under the 'contrary to' clause "if the state court applied a rule different from the governing law set forth in Supreme Court cases, or if it decided a case differently than the Supreme Court on a set of materially indistinguishable facts."  *See Bell v. Cone*, 535 U.S. 685, 694 (2002) (citing *Williams v. Taylor*, 529 U.S. 362, 404–05 (2000)).  "The court may grant relief under the 'unreasonable application' clause if the state court correctly identifies the governing legal principle from Supreme Court decisions but unreasonably applies it to the facts of a particular case." *Id*.  The "unreasonable application" clause requires that the state court decision be more than incorrect or erroneous; to warrant habeas relief, the state court's application of clearly established federal law must be "objectively unreasonable."  *See Andrade*, 538 U.S. at 75; *Yarborough v. Gentry*, 540 U.S. 1, 4 (2003); *Medina v. Hornung*, 386 F.3d 872, 877 (9th Cir. 2004).  Finally, the Court may also grant relief if the state court's decision was based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d)(2).  "In considering whether a state court's decision was based on an unreasonable determination of the facts, 'a federal court may not second-guess a state court's fact-finding process unless, after

review of the state-court record, it determines that the state court was not merely wrong, but actually unreasonable.'" *Stevens v. Davis*, 25 F.4th 1141, 1153 (9th Cir. 2022) (quoting *Sifuentes v. Brazelton*, 825 F.3d 506, 517 (9th Cir. 2016)).

**B. Discussion**

Because the California Supreme Court summarily denied Navarro's petition, Lodgment No. 7, ECF No. 12-7, this Court must "look through" to the last reasoned state court decision addressing his claim to determine whether *habeas* relief is warranted. *Ylst v. Nunnemaker*, 501 U.S. 797, 805–06 (1991). Upon review of the California Court of Appeal opinion, the Court concludes that its decision is consistent with federal law and grounded in a reasonable application of the law and determination of facts. Thus, the Court sees no basis for *habeas* relief.

Navarro contends that, in denying his petition, the state court unreasonably applied *Superintendent v. Hill*, 472 U.S. 445 (1985) to the facts of this case. In *Hill*, a prisoner was found guilty at a disciplinary hearing of assaulting another prisoner after a corrections officer said he saw the prisoner jogging away from the injured inmate. *Id*. at 447. The prisoner argued the evidence was insufficient, but the Supreme Court disagreed, finding that all that was required was "any evidence in the record that could support the conclusion reached by the disciplinary board." *Id*. at 455–56. Because *Hill* requires at least "some evidence" to support a finding of guilt by a prison disciplinary board, *id*. at 455, Navarro argues that the state appellate court erred because there was no evidence of an agreement between him and the sender of the cannabis. Pet., ECF No. 1 at 6–9.

Petitioner cites to *Ray v. Kernan*, 2018 WL 6047093 (N.D. Cal. Nov. 19, 2018) to support his argument. In *Ray*, the district court granted the prisoner's *habeas corpus* petition, concluding on the same facts as the present case that the *Hill* standard was not satisfied. The Court found that "the two facts relied on by the superior court – the letter being addressed to Ray and the secreting of the marijuana in that letter" was insufficient evidence that Ray entered into an agreement with the sender. *Ray*, 2018 WL 6047093, at *5–6.

Despite the different conclusion reached by the *Ray* court, the state appellate court's contrary decision in this case was not "objectively unreasonable." *Andrade*, 538 U.S. at 75; *Bell*, 535 U.S. at 694. As the state appellate court correctly noted, the *Hill* standard "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." *Hill*, 472 U.S. at 455. The low bar established by *Hill* is met if "there is *any* evidence in the record that *could support* the conclusion reached by the disciplinary board." *Id.* at 455–56 (emphasis added). Here, the hearing officer found that Navarro had conspired to introduce drugs into the prison because (1) the marijuana was in separate bindles, indicating the drugs were packaged for distribution; and (2) the envelope was addressed to Navarro. Lodgment No. 5, ECF No. 12-5 at 3. Further, the hearing officer noted that the envelope containing the packaged drugs had Navarro's "correct first name, last name, CDC number and prior housing." From this, the hearing officer concluded that Navarro had previous contact with the person who mailed the drugs: he reasoned that it was "unlikely that someone would send controlled substances to a stranger," or that "another inmate would use Inmate Navarro's information without his knowledge to receive the controlled substance . . . [because] they would lose the controlled substance." Lodgment No. 2, ECF No. 12-2 at 24. The state court's conclusion that these two pieces of evidence formed *some* basis that *could support* a finding that Navarro had conspired to receive these drugs is objectively reasonable. *Givens v. Macomber*, 2015 WL 6167660 (E.D. Cal. Oct. 20, 2015) (envelope addressed to inmate containing smaller envelopes of marijuana sufficient to establish conspiracy to introduce drugs with the intent to distribute under *Hill*'s "some evidence" standard); *Vasquez v. Montgomery*, 2016 WL 3135758 (C.D. Cal. March 22, 2016) (envelope addressed to inmate containing methamphetamine and heroin bindles wrapped in plastic sufficient to convict inmate of conspiracy to introduce drugs with the intent to distribute under *Hill*'s "some evidence" standard). Thus, the state court's denial of Navarro's claim was not an unreasonable application of *Hill*. *Bell*, 535 U.S. at 694.

For the reasons stated above, the state court decision was neither contrary to federal

law nor involved an unreasonable application of clearly established Supreme Court law. *Id*. Moreover, Petitioner does not contend, and this Court has no basis to find, that the state court's decision was based on an unreasonable determination of the facts. *Stevens*, 25 F.4th at 1153. There are no grounds for habeas relief.

## V.  CONCLUSION

For the foregoing reasons, the Petition is **DENIED**. Given that there is no Ninth Circuit case directly on point and district courts in California have come to different conclusions on this issue, the Court **GRANTS** a certificate of appealability. *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (a certificate of appealability should issue when "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong").

**IT IS SO ORDERED.**

Dated: September 13, 2023

_____
Hon. Jinsook Ohta
United States District Judge